FILED
CLERK
8/16/2019 2:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENARD ELLIOT WHITTY,

                        Plaintiff,

          -against-

SUFFOLK COUNTY CORR. FACILITY

                        Defendant.
------------------------------------------------------------------X

ORDER
19-CV-00611 (JMA) (AKT)

**AZRACK, United States District Judge:**

      On June 24, 2019, pro se plaintiff Denard Elliot Whitty ("plaintiff") filed an application for the appointment of pro bono counsel to represent him in this case. (ECF No. 16.) For the reasons that follow, the application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at the time this case is marked ready for trial, if so warranted at that time. Furthermore, plaintiff's motion to file an amended complaint, (ECF No. 17), is granted in part and denied in part.

## **DISCUSSION**

      Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major

> proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint and the proposed amended complaint and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude—after considering the Hodge factors in the context of plaintiff's application and the complaint—that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at the time this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

With respect to plaintiff's motion to amend, plaintiff seeks to add the County of Suffolk as a defendant and amend the description of the defendant Suffolk County Correctional Facility to

list Sheriff Errol Toulon of Suffolk County Correctional Facility as the defendant.[1] (ECF No. 17, the "First Amended Complaint".) Attorneys for the current named defendant and proposed additional defendants indicated their willingness to permit substitution of the County of Suffolk as a defendant in place of the Suffolk County Correctional Facility but do not consent to the addition of the Sheriff Errol Toulon as a defendant. (ECF No. 19.)

Plaintiff's motion to amend is granted in part and denied in part. The County of Suffolk replaces Suffolk County Correctional Facility as defendant, but the motion is denied as to the addition of Sheriff Errol Toulon (or Sheriff Errol Toulon of Suffolk County Correctional Facility).[2] Suffolk County Correctional Facility, Sheriff Errol Toulon, and Sheriff Errol Toulon of Suffolk County Correctional Facility are stricken as defendants from the First Amended Complaint, which is now the operative complaint in this action. The County of Suffolk is directed to respond to the First Amended Complaint within twenty-one (21) days.

## **CONCLUSION**

For the reasons set forth above, plaintiff's application for the appointment of pro bono counsel is denied without prejudice to plaintiff renewing the application at the time this case is marked ready for trial, if circumstances warrant such an application. This denial also is without

---

[1] Plaintiff's affidavit in support of his motion to amend indicates that he is seeking to add two new defendants to his complaint, seemingly Sheriff Errol Toulon and the County of Suffolk. However, the accompanying "First Amended Complaint" lists "Sheriff Errol Toulon of Suffolk County Correctional Facility" as Defendant No. 1, and "County of Suffolk County" as Defendant No. 2. (ECF No. 17, at 5.) There is no Defendant No. 3 listed. Whether plaintiff seeks to add two new defendants or seeks to amend the description of the defendant Suffolk County Correctional Facility has no bearing on the Court's analysis or ruling.

[2] Suffolk County Correctional Facility is not a suable entity and is thus terminated. See Schwamborn v. Cty. of Nassau, No. 06-CV-6528, 2008 WL 4282607, at *5 (E.D.N.Y. Sept. 16, 2008), aff'd, 348 F. App'x 634 (2d Cir. 2009) (finding that Nassau County Correctional Facility does not have an independent legal identity to be subject to suit); Dimps v. Taconic Corr. Facility, No. 17-CV-8806, 2019 WL 1299844, at *2 (S.D.N.Y. Mar. 20, 2019) (noting that "a state correctional facility has no separate legal status from the agency that operates it" so is not an entity subject to suit). Furthermore, the First Amended Complaint makes no allegations against Sheriff Errol Toulon, so plaintiff's request to add him as a defendant is denied. See Moore v. Toulon, No. 18-CV-05276, 2019 WL 885932, at *3 (E.D.N.Y. Feb. 22, 2019) (citing Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010)) (dismissing § 1983 claims against Sheriff Toulon because complaint made no allegations of conduct or inaction attributable to Sheriff Toulon).

prejudice to plaintiff hiring his own counsel to represent him in this matter.

In addition, plaintiff's motion to amend is granted in part—the County of Suffolk replaces Suffolk County Correctional Facility as defendant—but is denied as to the addition of Sheriff Errol Toulon (or Sheriff Errol Toulon of Suffolk County Correctional Facility) as a defendant. Suffolk County Correctional Facility, Sheriff Errol Toulon, and Sheriff Errol Toulon of Suffolk County Correctional Facility are stricken as defendants from the First Amended Complaint. The substantive allegations in plaintiff's First Amended Complaint completely replace and supersede those in plaintiff's initial complaint and the County of Suffolk shall respond to the First Amended Complaint within twenty-one (21) days. The Clerk of the Court is directed to update the caption accordingly.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this order to the pro se plaintiff.

**SO ORDERED**.

Dated: August 16, 2019
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge