UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DENARD ELLIOT WHITTY,

                              Plaintiff,

            -against-

COUNTY OF SUFFOLK,

                              Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

1:14 pm, Feb 10, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

ORDER
19-CV-00611 (JMA) (SIL)

**AZRACK, United States District Judge:**

        Before the Court is Defendant Suffolk County's motion to dismiss the complaint of pro se Plaintiff Denard Elliot Whitty pursuant to Federal Rule of Civil Procedure 25(a)(1).  For the following reasons, the motion is GRANTED.

## I.    BACKGROUND

        Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 on January 30, 2019.  (ECF No. 1.)  Plaintiff, who was partially deaf, alleged that the Suffolk County Correctional Facility[1] violated his constitutional rights by denying him access to a teletypewriter phone, or "TTY," a device commonly used by persons who experience difficulty hearing.  (Id.)

        On January 25, 2022, Defendant filed a Suggestion of Plaintiff's Death.  (ECF No. 38.)  At a Status Conference held on May 10, 2022 before Magistrate Judge Steven I. Locke, Plaintiff's mother, Margaret Torres, appeared and was notified that Defendant had filed the Suggestion of Death.  (See Minute Order, ECF No. 42.)  At the Status Conference, Defendant sought leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 25(a)(1), as more than 90 days had passed since the Suggestion of Death was filed and no motion to substitute Plaintiff had been

---

[1]     The Court later granted in part Plaintiff's motion to amend his complaint, (ECF No. 17), and substituted Suffolk County as the defendant to replace Suffolk County Correctional Facility.  (ECF No. 20.)

made. (Id.) Magistrate Judge Locke granted Defendant's request and set a briefing schedule for the motion to dismiss. (Id.) Magistrate Judge Locke also encouraged Plaintiff's mother to consult with the Hofstra Law Pro Se Legal Assistance Program located in the Central Islip Courthouse. (Id.) Defendant filed its motion, without substantive response by Plaintiff's mother, on July 28, 2022. (ECF No. 45.)

Magistrate Judge Locke later granted Plaintiff's mother a further opportunity to oppose Defendant's motion. (Oct. 19, 2022 Minute Order, ECF No. 48.) On December 19, 2022, Plaintiff's mother filed an additional letter requesting "$1,000 for every year of [Plaintiff's] incarceration," and "asking [the Court] to be considerate and fulfill this request." (ECF No. 51.) She did not, however, substantively respond to Defendant's motion or move to substitute her son as the plaintiff in this case. (Id.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."[2] If a motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Defendant filed the Suggestion of Death on January 25, 2022, after learning on or about that date that Plaintiff had died on August 20, 2021. (ECF Nos. 38, 45.) The Suggestion of Death stated: "Defendant hereby suggests upon the record, pursuant to Rule 25(a)(1) and (2), the death of Plaintiff Denard Elliot Whitty during the pendency of this action." (ECF No. 38.) The Suggestion of Death did not need to identify Plaintiff's successor or legal representative, see Kotler

---

[2]   A claim brought pursuant to § 1983 survives the plaintiff's death "if applicable state law creates a right of survival." Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982) (holding that a cause of action under 42 U.S.C. § 1983 survived injured party's death). Here, the Court need not decide whether Plaintiff's § 1983 claim survived his death because, in any event, no timely motion for substitution was made.

v. Jubert, 986 F.3d 147, 154 (2d Cir. 2021) (citing Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998)), nor was Defendant required to serve it upon Plaintiff's mother, see Lopa v. Safeguard Properties Mgmt., LLC, No. 14-CV-3193, 2018 WL 3104456, at *11 (E.D.N.Y. May 16, 2018) ("Empowering a non-party to substitute itself into a case does not mean that the non-party must be located and served, and nothing in the Rule suggests such a requirement.") (citation omitted), report and recommendation adopted, 2018 WL 3019875 (E.D.N.Y. June 18, 2018). Because no motion to substitute Plaintiff was made within 90 days after the Suggestion of Death was filed, or by April 25, 2022, Rule 25(a)(1) ordinarily would mandate dismissal.

However, following the May 10, 2022 Status Conference, Plaintiff's mother was afforded additional opportunities to oppose Defendant's motion to dismiss and seek to substitute herself or another individual as the plaintiff in this case. Since then, she has neither substantively opposed Defendant's motion to dismiss nor stated that she intends to move to substitute herself, for example, as administrator or executor of Plaintiff's estate. (See ECF Nos. 45-5, 51.)

As the Second Circuit has explained, courts have "long accorded pro se litigants special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training. But solicitude for pro se litigants does not require [the Court] to excuse failure to comply with understandable procedural rules and mandatory deadlines." Kotler, 986 F.3d at 156 (internal quotation marks and citations omitted). Defendant filed the Suggestion of Death more than one year ago, and Plaintiff's mother has been aware of the need to substitute her son as the plaintiff since at least May 10, 2022. To date, no motion for substitution has been made. Because the 90-day window to file a motion for substitution has long since closed, "the action by . . . the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Accordingly, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:  February 10, 2023
Central Islip, New York

                        /s/   (JMA)
                       JOAN M. AZRACK
                       UNITED STATES DISTRICT JUDGE